IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW COOKE, on Behalf of THE ANDREW R. COOKE 1998 TRUST, , Individually and on Behalf of All Other Persons Similarly Situated,<br><br>                Plaintiffs,<br><br>v.<br><br>EQUAL ENERGY LTD.; PETROFLOW ENERGY CORPORATION; PETROFLOW CANADA ACQUISITION CORP.; MICHAEL DOYLE; DON KLAPKO; LEE CANAAN; MICHAEL COFFMAN; VICTOR DUSIK; KYLE TRAVIS; and ROBERT WILKINSON,<br><br>                Defendants. | Master Docket CIV-14-0087-C (consolidated with CIV-14-0047-C, CIV-14-0058-C, CIV-14-0114-C) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO PARTIALLY LIFT THE PSLRA DISCOVERY STAY IN ORDER TO CONDUCT LIMITED EXPEDITED DISCOVERY**

Defendants Equal Energy Ltd. ("Equal Energy"), Lee Canaan, Michael Coffman, Don Klapko, and Kyle Travis[1] (the "Equal Directors," and together with Equal Energy, the "Equal Defendants") respectfully provide this Response to Anthony Montemarano's ("Montemarano") Motion to Partially Lift the PSLRA Discovery Stay in Order to Conduct Limited Expedited Discovery ("Motion"). For the reasons outlined below, the Equal Defendants oppose the Motion.

---

[1] The remaining directors of Equal Energy named in the complaints have not yet been served and are thus not appearing in this matter.

## I. INTRODUCTION

Montemarano's Motion to partially lift the Private Securities Litigation Reform Act ("PSLRA") automatic stay on discovery in order to gain access to documents produced as part of settlement negotiations in a related state court class action proceeding should be denied. First and foremost, the Equal Defendants note that Montemarano's Motion may be moot, as Montemarano has not been appointed Lead Plaintiff in this matter (and did not seek to be so appointed), and Montemarano's counsel, Faruqi & Faruqi, LLP ("Faruqi & Faruqi") has lost its bid to be appointed Lead Counsel. Given this situation, and the position of Lead Plaintiff and Lead Counsel as representing the interests of the class, Montemarano and his counsel no longer have an appropriate basis to demand discovery in this matter, let alone to demand the lifting of a PLSRA stay.

Furthermore, Montemarano has not provided a clear showing to indicate that the discovery requested is necessary to (1) preserve evidence or (2) prevent undue prejudice to a party. Montemarano does not claim that preservation is an issue—he only claims that he needs access to this discovery in order to make "informed decisions" about his litigation strategy. The law is clear, however, that an informational disadvantage alone does not rise to the level of undue prejudice absent unique circumstances. For these reasons, Montemarano's Motion should be denied.

## II. STATEMENT OF RELEVANT FACTS

On December 9, 2013, Equal Energy announced that it had entered into an agreement with Petroflow Canada Acquisition Corporation ("Petroflow") for the all-cash purchase of Equal Energy's outstanding common shares (the "Plan of Arrangement").

Notwithstanding that the Plan of Arrangement involves the acquisition of one Canadian company by another Canadian company, and is governed by Alberta law, the announcement of the proposed acquisition spawned four duplicative state court shareholder class action petitions in the District Court for Oklahoma County.  Since these four state class action petitions were filed, one has been withdrawn and the remaining three have been consolidated under *In re Equal Energy Shareholder Litigation*, Lead Case No. CJ-2013-6873 ("State Action").  The law firm of Robbins Gellar Rudman & Dowd LLP ("Robbins Gellar") was appointed as Lead Counsel in the State Action.  Equal Defendants have pursued settlement negotiations in the State Action, and as part of those negotiations have provided Robbins Gellar with certain documents, pursuant to a confidentiality agreement maintaining that the documents were being provided for settlement only, pursuant to FRE 408, and attorneys' eyes only. Dkt. No. 7, Ex. 7 (confidentiality agreement).

In addition to these state court class actions, four similarly duplicative federal actions were filed in this Court, one of which was filed by Montemarano on January 16, 2014.  On March 31, 2104, Montemarano's counsel, Faruqi & Faruqi, moved to consolidate the actions and to appoint a Gary Mitinas as Lead Plaintiff, and Faruqi & Faruqi as Lead Counsel.  Dkt. No. 3.  It is unclear why Faruqi & Faruqi did not move on behalf of Montemarano, and instead proposed Mr. Mitinas as a new potential Lead Plaintiff.  On April 11, 2014 Montemarano filed the instant Motion seeking expedited discovery of documents provided as part of settlement negotiations in the State Action.  Dkt. No. 6.  Montemarano claims that he will suffer undue prejudice unless the Court

allows him expedited access to the requested documents.  Dkt. No. 8 at 8-9 (Mem. of Law in Support of Motion).  On May 8, 2014, this Court issued an order consolidating all four of the above-mentioned matters, appointing Andrew Cooke the Lead Plaintiff, and appointing Robbins Gellar as Lead Counsel.

### III.   ARGUMENT

Montemarano is not entitled to obtain the materials produced in the state court action at this time because: (1) he is not the Lead Plaintiff in this matter, nor has his counsel, Faruqi & Faruqi, been appointed as Lead Counsel; and (2) he has not carried his burden to show that an exception to the PSLRA's automatic stay applies.

### A.   Montemarano's Motion is Now Moot, as Neither Montemarano Nor His Attorneys Have Been Appointed Lead in this Matter.

Montemarano seeks to lift the PLSRA stay in this matter in order to obtain the production of documents that have only been provided to plaintiffs in the State Action as part of settlement negotiations, and on an "attorneys' eyes only" basis.  This Motion was filed by Montemarano, however, before this Court's May 8, 2014 order consolidating the cases and appointing Andrew Cooke as Lead Plaintiff.  Pursuant to the PLSRA, the Lead Plaintiff should direct the prosecution of this matter and represent the interests of class members, including Montemarano.  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Accordingly, discovery issues should be managed by Cooke and his counsel.

Furthermore, Montemarano's reasoning for seeking documents produced in another case, to avoid being "less able to make informed decisions about litigation strategy" and to avoid falling "substantially behind" the State Action, are now moot.  As

4

he is not Lead Plaintiff, Montemarano has no need to see documents produced in a separate proceeding for purposes of deciding "litigation strategy." The documents requested will not ensure that Montemarano does not fall behind the State Action, as those documents were only produced to separate plaintiffs for purposes of settlement negotiations. In fact, the federal actions are now in the same position as the State Action—multiple cases have been consolidated and motions to dismiss are pending. In short, whatever motivations Montemarano had for seeking documents produced in settlement negotiations in a related case, those motivations are now moot as it has been confirmed that neither Montemarano nor his counsel will be taking a lead role in this separate federal proceeding.

## B. Montemarano Has Not Satisfied the Heightened Burden Required to Lift the PSLRA Automatic Stay.

Even if the Court concluded that Montemarano's motion was not moot, it should be denied. Indeed, Montemarano's counsel, Faruqi & Faruqi, has made the identical argument for documents in prior cases, and has had this argument specifically rejected. In all actions alleging securities fraud, the PSLRA requires that an automatic stay of discovery be imposed pending the resolution of any motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B). The purpose of the automatic stay is to promote Congress's goal of preventing plaintiffs from using discovery as a means of coercing defendants into a settlement by inundating them with financially burdensome discovery requests or using discovery for the improper purpose of fishing for evidence to substantiate otherwise unsupported claims. *Dipple v. Odell*, 870 F. Supp. 2d 386, 390 (E.D. Pa. 2012) (rejecting

similar arguments for lifting a PSLRA stay, made by Faruqi & Faruqi). To achieve Congress's broad objective of curbing discovery abuses, the automatic stay applies irrespective of a plaintiff's motives for seeking discovery: "Congress did not merely instruct courts to stay discovery in which courts perceived abuses." *Id.*

There are two "very narrow exceptions" to this rule where the stay may be lifted: where plaintiff has shown that discovery is necessary to (1) preserve evidence or (2) prevent undue prejudice. 15 U.S.C. § 78u-4(b)(3)(B); *see also In re Schering-Plough Corp./Enhance Sec. Litig.*, 2009 WL 1470453, at *1 (D.N.J. May 22, 2009). These two exceptions do not apply in the absence of "extraordinary circumstances" and policy alone is an insufficient basis on which to justify lifting the automatic stay. *Dipple*, 870 F. Supp.2d at 391. As noted above, Montemarano does not contend that discovery is needed to preserve evidence. *See generally*, Dkt. No. 8 (Mem. of Law in Support of Motion). Accordingly, this response will focus on the second exception, whether Montemarano has made an appropriate showing of "undue prejudice."

### 1. Montemarano's Motion Should Be Denied Because He Has Not Shown Undue Prejudice.

Prejudice is not undue unless a plaintiff shows that he will be subjected to unfair or improper treatment if particularized discovery is not permitted. *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp.2d 1260, 1265 (N.D. Okla. 2001). In deciding to enact the automatic stay provision, Congress intended to impose a certain degree of prejudice on the typical litigation needs of plaintiffs. *Id.* As such, prejudice to a plaintiff's litigation needs alone is not undue, improper, or unfair. *Id.* Rather, a plaintiff must point to

something more than an informational disadvantage to carry his burden of demonstrating undue prejudice. *Dipple*, 870 F. Supp.2d at 394. A plaintiff must identify "unique circumstances," such as where a defendant has filed for bankruptcy, *see In re Enron Corp. Sec., Deriv. & ERISA, No.*, 2002 WL 31845114, at *1 (S.D. Tex. Aug.16, 2002), or where claims not subject to the PSLRA are involved, *see Dipple*, 870 F. Supp.2d at 394 (distinguishing case involving ERISA and derivative claims not subject to the PSLRA).

Here, Montemarano's only support for his claim of undue prejudice is the bland assertion that making "informed decisions about litigation strategy" requires access to the materials produced in the state court action. Dkt. No. 8 at 8-9 (Mem. of Law in Support of Motion). In fact, the entire section of Montemarano's argument devoted to this point is comprised of two sentences, which are themselves comprised solely of quotations from an unpublished decision issued by the Southern District of New York. *Id.* (*quoting In re Bank of America Corp. Sec., Deriv., ERISA Litig.*, 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16, 2009)).

This single case relied upon exclusively by Montemarano for his argument of undue prejudice is distinguishable. It did not involve a federal plaintiff seeking to obtain documents produced in a parallel state action. Instead, lead plaintiffs in a consolidated action challenging Bank of America's merger with Merrill Lynch sought to obtain documents produced by the defendants to various government agencies such as the Securities Exchange Commission. Although the court granted the lead plaintiffs' request for discovery, it did not do so until after emphasizing that "these consolidated cases include ERISA and derivative actions, *as to which the PSLRA stay does not apply*." *In re*

7

*Bank of America Corp. Sec., Deriv., ERISA Litig.*, 2009 WL 4796169 at *3 (emphasis added).

By comparison to the tepid support garnered by Montemarano, there is an abundance of authority standing for the proposition that an informational disadvantage alone does not amount to undue prejudice under the circumstances presented in this case. For instance, in *Dipple v. Odell*, after the proposed acquisition of Pep Boys by a private-equity firm spawned ten consolidated state class actions and three federal actions, the plaintiffs in the federal actions—who were represented by the same law firm representing Montemarano in this matter, Faruqi & Faruqi—filed a motion seeking to obtain the "documents Defendants already produced in the state court proceeding." *Id.* at 388-91. Similar to Montemarano's argument in this case, the plaintiffs in *Dipple* argued that they would be unduly prejudiced on the following basis:

> [P]laintiffs argue that they will suffer undue prejudice unless the stay is lifted because discovery has commenced in the parallel state-court action and thus the automatic stay "could limit their chance of recovery"—a concern that they note "will be even more pronounced if settlement negotiations begin in the state-court proceeding."

*Id.* at 393-94 (*quoting* lead plaintiffs' memorandum of law). This, the court held, was not enough to establish undue prejudice. As the court explained, the automatic stay was "a consequence of plaintiffs' strategic choice to proceed under the Exchange Act" as opposed to pursuing their remedies in state court. *Id.* at 394. Further, the court noted its "fundamental disagreement" with plaintiffs' argument: "Whether PSLRA plaintiffs should be subjected to a discovery stay while other parties, who are bringing claims

8

under other causes of action, are not subjected to a stay is a question for Congress, and one that Congress has answered." *Id.*[2]

Moreover, Montemarano's vague allusion to having been misled into signing the Confidentiality Stipulation with the "implicit understanding" that he would receive discovery produced in the state court class action is baseless. The Equal Defendants wholeheartedly take issue with any suggestion by Montemarano (or Montemarano's counsel) that his assent to the Confidentiality Stipulation was induced though false promises. As demonstrated by the *Dipple* case cited above, 870 F. Supp.2d 386, Montemarano's counsel is all too familiar with this type of securities litigation—as such, the insinuation that Montemarano's counsel could have been misled under these circumstances is meritless.

## IV.   CONCLUSION

For the foregoing reasons, the Equal Defendants respectfully request that the Court deny Montemarano's Motion to Partially Lift the PSLRA Discovery Stay in Order to Conduct Limited Expedited Discovery.

---

[2]   As another court has put it, "Plaintiffs' rationale, if accepted, would effectively result in a structural, or at least categorical, exception to the discovery stay that is neither apparent nor discernible from § 78u–4(b)(3)(B)." *In re Odyssey Healthcare, Inc.*, 2005 WL 1539229, at *2 (N.D. Tex. June 10, 2005). *See also Sisk v. Guidant Corp.*, 2007 WL 1035090, at *4 (S.D. Ind. March 30, 2007) (denying request to lift automatic stay despite plaintiffs' concern that they will be "'left behind' if other parties are privy to discovery while they are not, and that the 'shifting legal landscape' to which they repeatedly refer will leave them at a disadvantage if the stay is not lifted"); *In re Elan Corp. Sec. Litig.*, 2004 WL 1303638, at *1 (S.D.N.Y. May 18, 2004) ("[The PSLRA] does not provide an exception to the mandatory stay when the documents sought have already been produced outside the litigation."); *In re AOL Time Warner, Inc. Sec.*, 2003 WL 21729842, at *1 (S.D.N.Y. July 25, 2003) (rejecting plaintiff's attempt to obtain documents produced in separate lawsuit even though settlement discussions were ongoing).

DATED this 15th day of May, 2014.

                              */s/  Jessica M. Andrade*
MICHAEL SMITH, OBA # 8385
HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.
100 N Broadway, Suite 2900
Oklahoma City, OK 73102
Telephone: (405) 553-2821
Facsimile: (405) 553-2855
Liaison Counsel for Defendants

JAMES E. HOWARD
JESSICA M. ANDRADE
*Admitted Pro Hac Vice*
DORSEY & WHITNEY LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Telephone: (206) 903-8800
Facsimile: (206) 903-8820
howard.james@dorsey.com

***Counsel for Equal Energy and the individual Equal Energy directors***

10

**Certificate of Service**

I hereby certify that on May 15, 2014, I electronically transmitted the foregoing pleading to the Clerk of Court using the ECF System for filing, and a copy thereof was electronically served upon all parties receiving notice pursuant to the CM/ECF system.


*/s/ Jessica M. Andrade*
Jessica M. Andrade