UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW COOKE, ON BEHALF OF THE ANDREW R. COOKE 1998 TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>  vs.<br><br>EQUAL ENERGY LTD., et al.,<br><br>     Defendants. | Master Docket No. 5:14-cv-00087-C<br>(Consolidated with Nos. 5:14-cv-00047-C;<br>5:14-cv-00058-C; and 5:14-cv-00114-C)<br><br>CLASS ACTION |

[PROPOSED] PRELIMINARY APPROVAL AND SCHEDULING ORDER

The parties to the consolidated class action captioned *Andrew Cooke, on Behalf of the Andrew R. Cooke 1998 Trust, Individually and on Behalf of All Others Similarly Situated v. Equal Energy Ltd., et al.*, No. CIV-14-0087-C (the "Federal Action"),currently pending before this United States District Court for the Western District of Oklahoma (the "Court"), having applied pursuant to Federal Rule of Civil Procedure 23 for an order preliminarily approving the proposed settlement of the Federal Action in accordance with the Stipulation and Agreement of Compromise, Settlement, and Release entered into by the parties on November 14, 2014 (the "Stipulation" or "Settlement"), upon the terms and conditions set forth in the Stipulation; the Court having read and considered the Stipulation and accompanying documents; and all parties having consented to the entry of this Order,

NOW, THEREFORE, this _____ day of _____, 2014, upon application of the parties, **IT IS HEREBY ORDERED** that:

1. Except for terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Preliminary Approval and Scheduling Order.

2. Solely for purposes of the Settlement, the Action shall be certified and maintained as a non-opt-out class action, pursuant to Federal Rule of Civil Procedure 23(b)(2), on behalf of a class consisting of all holders of Equal common shares between the dates of December 9, 2013 and up to and including the date of closing of the Plan of Arrangement (July 31, 2014), who are alleged to be harmed by Defendants as described in the Federal Action and the parallel consolidated state class action captioned *In re Equal Energy Shareholder Ltd. Litigation*, No. CJ-2013-6873, currently pending before the District

Court of Oklahoma County for the State of Oklahoma (the "State Action," together with the Federal Action referred to as the "Actions"), including the legal representatives, heirs, successors-in-interest, transferees and assigns of all such foregoing holders and/or owners, immediate and remote, and excluding the Defendants and any person, trust, corporation or other entity related to or affiliated with any of them and their successors-in-interest (the "Settlement Class").

3.    With respect to the Settlement Class, this Court preliminarily finds and concludes that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Federal Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and their counsel have and will fairly and adequately represent and protect the interests of all Settlement Class members; and (e) there are allegations that Defendants acted or refused to act on grounds generally applicable to the Settlement Class.

4.    For purposes of settlement only, Plaintiffs Andrew Cooke, on behalf of the Andrew R. Cooke 1998 Trust, Kenneth and Aldona Olsen, John Solak, Abraham Grinberger, Johan Van Weelden, Anthony Montemarano, and Jonathan Scripture are appointed Class Representatives and Robbins Geller Rudman & Dowd LLP as Class Counsel.

5.    The proposed Settlement, as embodied in the Stipulation and the exhibits attached thereto, is preliminarily approved as fair, reasonable, and adequate pending a final hearing on the proposed Settlement as provided herein.

6.     A hearing (the "Settlement Hearing") shall be held on _____, 2015, at _____ _.m., in the United States District Court for the Western District of Oklahoma, at 200 N.W. 4th Street, Oklahoma City, Oklahoma 73102, to:

(a)     determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate;

(b)     determine whether the Federal Court Order and Final Judgment should be entered in the Federal Action pursuant to the Stipulation;

(c)     hear and determine any objections to any aspect of the Settlement; and

(d)     consider an award of attorneys' fees and expenses to Plaintiffs' Counsel.

7.     The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees, without further notice of any kind to the Settlement Class.

8.     The Court reserves the right to approve the Settlement at or after the Settlement Hearing or without a hearing with such modification(s) as may be consented to by the parties to the Stipulation and without further notice to the Settlement Class.

9.     At least sixty (60) calendar days prior to the Settlement Hearing, Equal or its successor-in-interest shall cause a copy of the Notice of Pendency and Settlement of Class Actions (the "Notice"), substantially in the form attached as Exhibit 3 to the Stipulation, to be distributed, by United States mail, to all Equal shareholders as of the June 8, 2014 record date.  All record holders of Equal common shares during the relevant period who were not also the beneficial owners of the shares of common stock of Equal held by them of record are requested to forward the Notice to such beneficial owners of those shares.  Equal or its

- 3 -

successor-in-interest shall use reasonable efforts to give notice to such beneficial owners by (a) making additional copies of the Notice available to any record holder who, prior to the Settlement Hearing, requests copies for distribution to beneficial owners, or (b) mailing additional copies of the Notice to beneficial owners as reasonably requested by record holders who provide names and addresses for such beneficial holders.  In addition, following the preliminary approval of the Settlement, and no later than sixty (60) calendar days prior to the Settlement Hearing, Equal or its successor-in-interest shall secure the publication of the Publication Notice, substantially similar to the form attached as Exhibit 4 to the Stipulation, for two days in the national edition of *USA Today*.  Petroflow and Equal, or its successor-in-interest, shall be responsible for and shall pay all costs and expenses incurred in providing such Notice and Publication Notice to the members of the Settlement Class.

10.     The form and method of notice specified herein is the best notice practicable and shall constitute due and sufficient notice of the Settlement Hearing to all persons entitled to receive such notice, and fully satisfies the requirements of due process, Federal Rule of Civil Procedure 23, and applicable law.  At least thirty (30) calendar days prior to the Settlement Hearing, counsel for Equal or its successor-in-interest shall file with the Court an appropriate affidavit with respect to the Notice and Publication Notice.

11.     All proceedings in the Federal Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.  Pending final determination of whether the Settlement should be approved, Plaintiffs, Plaintiffs' Counsel, and all members of the Settlement Class are barred and enjoined from asserting, commencing, prosecuting, assisting,

- 4 -

instigating, continuing, or in any way participating in the commencement or prosecution of any action that asserts any Released Claim against any Released Person.

12.    Any member of the Settlement Class who objects to any aspect of the Settlement and/or the Federal Court Order and Final Judgment to be entered in the Federal Action, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown, no person other than Plaintiffs' Counsel and counsel for the Defendants shall be heard and no papers, briefs, pleadings, or other documents submitted by any member of the Settlement Class shall be considered by the Court unless, not later than fourteen (14) calendar days prior to the Settlement Hearing directed herein (a) a written notice of intention to appear; (b) proof of membership in the Settlement Class; (c) a detailed statement of the objections by the member of the Settlement Class to any matters before the Court; and (d) the grounds therefor or the reasons why such member of the Settlement Class desires to appear and be heard, as well as all documents or writings such person desires the Court to consider, are filed by such person with the Court, and, on or before such filing, are served by hand or first class mail on the following counsel of record:

Ellen Gusikoff Stewart
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

*Lead Counsel for the Settlement Class*

- 5 -

James E. Howard
DORSEY & WHITNEY LLP
701 Fifth Avenue, Suite 6100
Seattle, WA  98104-7043

*Counsel for Equal Energy and the individual Equal Energy directors*

Robert J. Kopecky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654

*Counsel for Petroflow Energy Corporation and Petroflow Canada Acquisition Corp.*

13.     Any member of the Settlement Class who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding, unless the Court orders otherwise.

14.     The Stipulation and any negotiations, statements, or proceedings in connection therewith, shall not be construed or deemed evidence of, a presumption, concession, or admission by any Released Person or any other person of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Actions or otherwise, or that Plaintiffs or Plaintiffs' Counsel, the Settlement Class, or any present or former shareholders of Equal, or any other person, has suffered any damage attributable in any manner to any Released Person. The existence of the Stipulation, its contents, and any negotiations, statements, or proceedings in connection therewith, shall not be offered or admitted into evidence or referred to, interpreted, construed, invoked, or otherwise used by any person for any purpose in the Federal Action or otherwise, except as may be necessary to enforce or obtain Court approval of the Settlement.  Notwithstanding the foregoing, upon the Effective Date of the Settlement, any of the Released Persons may file the Stipulation, or any judgment or order of

the Court related hereto, in any other action that may be brought against them, in order to support any and all defenses or counterclaims based on *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

15.     If the Settlement is approved by the Court following the Settlement Hearing, the Federal Court Order and Final Judgment will be entered as described in the Stipulation.

16.     If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the parties as provided for in the Stipulation), and any certifications herein and any actions taken or to be taken in connection therewith (including this Preliminary Approval and Scheduling Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect, except for Equal's obligation to pay for any expenses incurred in connection with the Notice and Publication Notice provided for by this Preliminary Approval and Scheduling Order.  In that event, neither the Stipulation, nor any provision contained in the Stipulation, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party shall be deemed an admission or received as evidence in this or any other action or proceeding.

17.     The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval and Scheduling Order without further notice to members of the Settlement Class.

- 7 -

18.     Not later than twenty-one (21) days prior to the Settlement Hearing, Plaintiffs'
Counsel shall file their motion in support of final approval of the Settlement.  Any reply
briefs in support of the motion shall be filed no later than seven (7) calendar days prior to the
Settlement Hearing.

DATED: _____          _____

                                   UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT 1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANDREW COOKE, ON BEHALF OF THE ANDREW R. COOKE 1998 TRUST, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Master Docket No. 5:14-cv-00087-C (Consolidated with Nos. 5:14-cv-00047-C; 5:14-cv-00058-C; and 5:14-cv-00114-C) |
| Plaintiffs, | ) ) | CLASS ACTION |
| vs. | ) ) | |
| EQUAL ENERGY LTD., et al., | ) ) | |
| Defendants. | ) ) | |

NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTIONS

EXHIBIT 1

Dear Shareholder of Equal Energy Ltd.:

*IF YOU WERE A COMMON STOCKHOLDER OF EQUAL ENERGY LTD. ("EQUAL" OR THE "COMPANY") ON ANY DAY BETWEEN DECEMBER 9, 2013 AND JULY 31, 2014, THE DATE OF THE CLOSING OF THE ACQUISITION OF EQUAL BY PETROFLOW CANADA ACQUISITION CORP. AND PETROFLOW ENERGY CORPORATION (THE "PLAN OF ARRANGEMENT"), YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION.*

*PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS. IF THE COURT APPROVES THE PROPOSED SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE FAIRNESS, REASONABLENESS OR ADEQUACY OF THE PROPOSED SETTLEMENT, AND FROM PURSUING THE RELEASED CLAIMS.*

*IF YOU HELD SHARES OF EQUAL COMMON STOCK FOR THE BENEFIT OF OTHERS, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNERS.*

**The United States District Court for the Western District of Oklahoma authorized this Notice. This is not a solicitation from a lawyer.**

This Settlement resolves a lawsuit over whether Defendant Equal and its Board of Directors breached fiduciary duties to the shareholders of Equal in connection with the acquisition of Equal by Petroflow Canada Acquisition Corp. and Petroflow Energy Corporation (collectively, "Petroflow"), including the allegations that the disclosures concerning the Plan of Arrangement failed to include material information. The lawsuit also consists of claims that Petroflow aided and abetted the breaches of fiduciary duties and that all Defendants violated the Alberta Business Corporations Act ("ABCA") and Securities Exchange Act of 1934. The Defendants to the lawsuit are Equal, Petroflow, Michael Doyle, Lee Canaan, Michael Coffman, Victor Dusik, Don Klapko, Kyle Travis and Robert Wilkinson.

This Settlement provides for supplemental disclosures in Equal's Definitive Proxy Statement, filed with the Securities and Exchange Commission ("SEC") on June 11, 2014, which address issues identified by Plaintiffs and Plaintiffs' Counsel, and are detailed herein. Plaintiffs believe disclosure of such information was necessary in order for Equal shareholders to make an informed decision on whether to tender their Equal shares or to seek appraisal. The Settlement also provides for payment of Plaintiffs' Counsel's attorneys' fees and expenses.

Plaintiffs believe that the Settlement provides substantial benefits now and avoids the costs and risks associated with continued litigation, including the danger of no recovery for the Settlement Class.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | |
| **OBJECT** | You may write to the Court if you do not like this Settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the Settlement (but are not required to do so). |

- These rights and options — ***and the deadlines to exercise them*** — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlement.

THIS NOTICE SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY CLAIMS OR DEFENSES BY ANY OF THE PARTIES.  IT IS BASED ON STATEMENTS OF THE PARTIES AND IS SENT FOR THE SOLE PURPOSE OF INFORMING YOU OF THE EXISTENCE OF THIS ACTION AND OF A HEARING ON A PROPOSED SETTLEMENT SO THAT YOU MAY MAKE APPROPRIATE DECISIONS AS TO STEPS YOU MAY WISH TO TAKE IN RELATION TO THIS LITIGATION.

Please read this Notice carefully.

## BASIC INFORMATION

### 1.    Why Did I Get This Notice?

You or someone in your family may have held shares of Equal common stock as of December 9, 2013, and tendered those shares or were otherwise cashed out of those shares on or about July 31, 2014, pursuant to the Plan of Arrangement, and therefore you may be a Settlement Class Member.

The Court directed that this Notice be sent to you because you have a right to know about a proposed Settlement of a class action lawsuit before the Court decides whether to approve the Settlement.  This Notice explains the lawsuit, the Settlement, its benefits and the Settlement Class Members' legal rights.

The Court in charge of the case is the United States District Court for the Western District of Oklahoma (the "Court"), and the case is entitled *Andrew Cooke, on Behalf of the Andrew R. Cooke 1998 Trust, Individually and on Behalf of All Others Similarly Situated v. Equal Energy Ltd., et al.*, No. CIV-14-0087-C.  The case is assigned to the Honorable Robin J. Cauthron.  The person who sued is called a plaintiff and the companies and persons that he sued, Equal, Petroflow, Michael Doyle, Lee Canaan, Michael Coffman, Victor Dusik, Don Klapko, Kyle Travis and Robert Wilkinson, are called the Defendants.

### 2.      What Is This Lawsuit About?

On December 9, 2013, Equal announced that it had entered into a definitive agreement with Petroflow pursuant to which Petroflow would acquire all outstanding shares of Equal stock for $5.43 per share.  On December 12, 2013, Andrew Cooke ("Cooke") filed a putative class action lawsuit in the District Court of Oklahoma County for the State of Oklahoma.  Subsequent putative class action lawsuits challenging the Plan of Arrangement were filed in the District Court of Oklahoma County for the State of Oklahoma (the "State Actions") and the United States District Court for the Western District of Oklahoma (the "Federal Actions").

On February 20, 2014, all parties to the State Actions filed an agreed order consolidating the State Actions and appointing Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Interim Lead Counsel.  On May 8, 2014, Judge Cauthron of the United States District Court of the Western District of Oklahoma (the "Court") ordered that all of the pending Federal Actions regarding the Plan of Arrangement be consolidated into one putative class action lawsuit.  Judge Cauthron appointed Cooke as Lead Plaintiff and

Robbins Geller as Lead Counsel (the "State Action" and the "Federal Action" are referred to herein as the "Actions"). The Actions seek relief based on allegations that actions taken by Defendants in connection with the Plan of Arrangement constituted breach of the fiduciary duties owed to the Settlement Class by the Defendants, including claims that the disclosures regarding the Plan of Arrangement failed to disclose material information.

3.      **Why Is This a Class Action?**

In a class action, one or more people or entities called class representatives or plaintiffs sue on behalf of people and entities who have similar claims. Here, these people and entities are collectively called a Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members.

4.      **Why Is There a Settlement?**

The Court did not decide in favor of Lead Plaintiff or Defendants. Instead, both sides agreed to a settlement, thereby avoiding the cost and risk of continued litigation, including a trial and possible appeals. Plaintiffs' Counsel negotiated the additional disclosures Defendants agreed to provide to shareholders, and determined that they were sufficient to allow Equal shareholders to make an informed decision on whether to tender their shares or seek appraisal. Lead Plaintiff and his attorneys believe that the Settlement is in the best interest of the Settlement Class.

In evaluating the Settlement, Lead Plaintiff and Plaintiffs' Counsel have considered: (i) the benefits to the members of the Settlement Class from the Settlement; (ii) the facts developed during Plaintiffs' Counsel's investigation and briefing on the motions to dismiss; (iii) the attendant risks of continued litigation and the uncertainty of the outcome of the

Actions; (iv) the probability of success on the merits of the allegations contained in the Actions, including the uncertainty relating to the proof of those allegations; and (v) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation and Agreement of Compromise, Settlement, and Release (the "Stipulation"). Considering these factors and the information gathered during confirmatory discovery, Plaintiffs' Counsel have determined that the Settlement and the terms of the Plan of Arrangement, and the transactions contemplated thereby, are fair, reasonable and adequate and in the best interests of Lead Plaintiff and the Settlement Class.

Defendants have denied, and continue to deny, that they have committed or aided and abetted in the commission of any violation of law or engaged in any of the wrongful acts alleged in the Actions, and expressly maintain that they diligently complied with their fiduciary and other legal duties. Defendants entered into the Stipulation because the proposed Settlement would eliminate the burden and expense of further litigation and would avoid any risk that Lead Plaintiff and Plaintiffs' Counsel could present a record sufficient to obtain some form of recovery against Defendants.

## 5.   How Do I Know if I Am Part of the Settlement?

The Court preliminarily certified this case as a class action for settlement purposes only. The Court will make a final decision as to whether to certify a class at the Settlement Hearing discussed below:

The Settlement Class preliminarily certified by the Court includes all Persons (other than Defendants and any person, trust, corporation, or other entity related to or affiliated with

any of them, and their successors-in-interest) that held Equal common stock between December 9, 2013 and July 31, 2014, the date of closing of the Plan of Arrangement.

**6.      Can I Bring My Own Lawsuit?**

No.  The Court has entered an order barring and enjoining you (and all members of the Settlement Class) from commencing, instigating, instituting, maintaining, prosecuting, asserting, or participating in any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind, whether individual, class, derivative, representative, legal, equitable, or in any other capacity, asserting any of the Released Claims (defined in this Notice and in the Stipulation) against any of the Released Persons.[1]  In addition, all proceedings in the Actions, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, have been stayed and suspended until further order of the Court.

If you object to the Settlement, your sole recourse is to file an objection in advance of the Settlement Hearing, in the form and manner described below.

**7.      What if I am Still Not Sure if I Am Included?**

If you are still not sure if you are included, you can ask for free help.  You can call Robbins Geller at 800/449-4900 for more information.

---

[1]   "Released Persons" means Defendants and any of the Defendants' past or present affiliates, parents, subsidiaries, general partners, limited partnership partners and partnerships; their respective present and former officers and directors, employees, agents, attorneys, legal counsel, advisors, insurers, accountants, trustees, members, managers, financial advisors, commercial banks, lenders, persons who provided opinions relating to the proposed Plan of Arrangement, investment bankers, associates, and representatives, and their respective heirs, executors, personal representatives, estates, administrators, successors and assigns.

## THE SETTLEMENT BENEFITS

Equal has agreed to make and has made certain supplemental disclosures to address issues identified by Plaintiffs and Plaintiffs' Counsel, as set forth in the petitions and complaints in the Actions and raised during discussions and correspondence between Plaintiffs' Counsel and counsel for the Defendants. These disclosures included information regarding, among other things: (1) potential transactions, including business combinations and acquisitions of the Company during 2013 with parties other than Petroflow, including the financial and non-financial terms of various proposals and indications of interest for the Company and Equal's offer to make presentations to the managements of the two remaining bidders in late September 2013; (2) analyses completed by Global Hunter Securities, LLC ("GHS"), the independent financial advisor that Equal hired to provide a fairness opinion on the Plan of Arrangement, including the Selected Public Companies Analysis and the Implied Shareholder Rate of Return Analysis; and (3) the specific services that GHS provided to any parties involved with the Plan of Arrangement within the last two years and the compensation received for such services. The supplemental disclosures were contained in Equal's Definitive Proxy Statement, which was filed with the SEC on June 11, 2014. In addition, on May 29, 2014, GHS provided to the Equal Board a revised fairness opinion which provided more detail concerning the bases for its opinion that the "Transaction is fair, from a financial point of view, to such holders of common shares." Defendants acknowledge that the prosecution and settlement of the Actions were the sole cause of these additional disclosures.

8.      **What Does It Mean to Be Part of the Settlement Class?**

If you are in the Settlement Class, that means you cannot sue or be part of any other lawsuit, if one is filed, against the Defendants or other Released Persons about the legal issues in this case, because those claims will be released as part of the Settlement.  It also means that all of the Court's orders will apply to you and legally bind you.

If the Stipulation and the Settlement are approved by the Court, you will be releasing any and all manner of claims in any way seeking, alleging or including damages or any other relief for any loss of value, failure to disclose, violation of shareholder rights, or any violation of any type of the Securities Exchange Act of 1934, 15 U.S.C. §78a, *et seq.*, its implementing regulations, or the Alberta Business Corporations Act, RSA 200, c B-9, or any other foreign, U.S. federal or state law and any claims that were brought or could have been brought by Plaintiffs in the Actions in their capacity as Equal shareholders (including, but in no way limited to, any claims related directly or indirectly in any manner whatsoever to any claims raised by Plaintiffs' Counsel, or the Settlement Class in any pleading, motion or brief filed in the Actions), and any grievances, controversies, allegations, accusations, demands, judgments, causes of action, actions, suits, whether class, representative, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever as well as all forms of relief, including all remedies, costs, losses, liabilities, damages, debts, expenses, penalties, interest, and attorneys' and other professionals' fees and related disbursements, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, in their capacity as shareholders whether: (a) claiming compensation, money damages, equitable, injunctive, or other type of relief; (b) based on

- 8 -

any foreign, federal, state, or municipal statute, law, ordinance, or regulation; (c) based on common law or public policy; or (d) sounding in tort or contract, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known and unknown claims, which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Actions and/or relate to the proposed Plan of Arrangement between Equal and Petroflow ("Released Claims").  Released Claims shall not include the right of the Plaintiffs or any members of the Settlement Class to enforce the terms of the Stipulation or to exercise dissenter's  rights under §191 of the ABCA.

"Unknown Claims" includes claims that you do not know or suspect to exist in your favor at the time of the release of the Released Claims as against the Released Persons, including, without limitation, those which, if you knew, might affect your agreement to release the Released Persons and the Released Claims, or might affect your decision to object to or not object to the Settlement.

If the Stipulation and the Settlement are approved by the Court, Plaintiffs and all members of the Settlement Class shall be deemed to have waived, relinquished, and released any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of foreign or common law, which governs or limits any person's release of the Unknown Claims.  The foregoing waiver includes, without limitation, an express waiver, to the full extent permitted by law, by you of any and all rights under California Civil Code §1542, which provides:

984562_1

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

If the Stipulation and the Settlement are approved by the Court, Plaintiffs and all members of the Settlement Class shall be deemed to have acknowledged that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims or the subject matter of the release, but that it is their intention to completely, fully, finally and forever settle, release, and extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of additional or different facts.  You shall also be deemed to have acknowledged that the inclusion of "Unknown Claims" within the definition of "Released Claims" was separately bargained for, constitutes separate consideration for, and was a material element of the Settlement and was relied upon by each and all of Defendants in entering into the Stipulation.

Further, if the Stipulation and the Settlement are approved by the Court, the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged, Plaintiffs, Settlement Class Members, and any counsel who have appeared for Plaintiffs, including Plaintiffs' Counsel, from all claims and sanctions (including Unknown Claims), based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims.

## THE LAWYERS REPRESENTING YOU

**9.      Do I Have a Lawyer in This Case?**

The law firm of Robbins Geller will represent Settlement Class Members.  These lawyers are called Lead Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**10.      How Will the Lawyers Be Paid?**

Defendants have agreed that if the other conditions of the Settlement are satisfied, Defendants, their successor(s), and/or their insurer(s) shall not object to an award of attorneys' fees and expenses of Plaintiffs' Counsel in an amount not to exceed $650,000.  Any award of fees and expenses will be determined by the Court and will not reduce the consideration paid from the Plan of Arrangement in any way, and no shareholder class representative is being compensated for work performed in the litigation.  The parties negotiated this fee amount after they had agreed to the material terms of the Settlement, and the fee requested will compensate Plaintiffs' Counsel for their work in achieving the Settlement.  The Court may award less than this amount.

## OBJECTING TO THE SETTLEMENT

If you are a Settlement Class Member, you can object to the Settlement if you don't like any part of it and you can also object to Plaintiffs' Counsel's request for attorneys' fees and expenses.  You can give reasons why you think the Court should not approve the Settlement or Plaintiffs' Counsel's request for attorneys' fees and expenses. The Court will consider your views. To object, you must send a letter saying that you object and the reasons why you object.  Be sure to include your name, address, telephone number, your signature,

the number of shares of Equal common stock that you held between December 9, 2013 and July 31, 2014, and the reasons that you object. Mail the objection to the following addresses such that it is received no later than _____ 2015, to each of the following:

**Court:**

Clerk of the Court
United States District Court for the Western District of Oklahoma
200 NW 4th Street
Room 1210
Oklahoma City, OK  73102

**Attorneys:**

Ellen Gusikoff Stewart
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

James E. Howard
DORSEY & WHITNEY LLP
701 5th Avenue, Suite 6100
Seattle, WA  98104-7043

Robert J. Kopecky
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654

Unless the Court otherwise directs, no person shall be entitled to object to the approval of the Settlement, the judgment to be entered herein, or the award of attorneys' fees, costs, and expenses to Plaintiffs' Counsel or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as described above. Any person who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection or otherwise contesting the Settlement in this or any other action or proceeding.

## THE COURT'S FAIRNESS HEARING

The Court will hold a Settlement Hearing at _____ on _____, 2015, before the Honorable Robin J. Cauthron, at the United States District Court for the Western District of Oklahoma, 200 NW 4th Street, Oklahoma City, OK 73102.  At this Settlement Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  The Court will also consider how much to pay Plaintiffs' Counsel.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the hearing.  Thus, if you would like to attend the hearing, you should check with the Court before coming to confirm that the date and/or time has not changed.

Settlement Class Members are not required to attend the hearing.  Plaintiffs' Counsel will answer questions that the Court may have.  You are welcome to attend at your own expense.  If you send an objection, you do not have to come to Court to discuss it.  As long as you submitted your written objections on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter saying that it is your intention to appear in *Andrew Cooke, on Behalf of the Andrew R. Cooke 1998 Trust, Individually and on Behalf of All Others Similarly Situated v. Equal Energy Ltd., et al.*, No. CIV-14-0087-C.  Include your name, address, telephone number and signature.  Your notice of intention to appear must be received no

later than _____, 2015, by the Clerk of Court, Plaintiffs' Counsel and Defendants' counsel, at the addresses listed above.

## GETTING MORE INFORMATION

This Notice summarizes the proposed Settlement.  More details can be found in the Stipulation and Agreement of Compromise, Settlement, and Release, dated November 14, 2014.  You can obtain a copy of the Stipulation and Settlement during business hours at the Clerk of Court, United States District Court for the Western District of Oklahoma, 200 NW 4th Street, Room 1210, Oklahoma City, OK 73102, or for a fee, at www.pacer.gov.  If you would like more information, write to Rick Nelson, c/o Shareholder Relations, at Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, or at 800/449-4900.

## SPECIAL NOTICE TO BANKS, BROKERS AND OTHER NOMINEES

If you held any Equal common stock on any date from December 9, 2013, to and including the date of the closing of the Plan of Arrangement on July 31, 2014, as nominee for a beneficial owner, then, within seven (7) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such persons or entities; or (2) provide a list of the names and addresses of such persons or entities to the Notice Administrator:

        Equal Energy Shareholder Litigation
        Notice Administrator
        [TO BE ADDED]

If you choose to mail the Notice yourself, you may obtain from the Notice Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

**_DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE_**

DATED: _____          BY ORDER OF THE COURT
                                     UNITED STATES DISTRICT COURT
                                     WESTERN DISTRICT OF OKLAHOMA

984562_1

# EXHIBIT 2

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANDREW COOKE, ON BEHALF OF THE ANDREW R. COOKE 1998 TRUST, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Master Docket No. 5:14-cv-00087-C (Consolidated with Nos. 5:14-cv-00047-C; 5:14-cv-00058-C; and 5:14-cv-00114-C) |
| Plaintiffs, | ) ) | CLASS ACTION |
| vs. | ) ) | |
| EQUAL ENERGY LTD., et al., | ) ) | |
| Defendants. | ) ) | |

PUBLICATION NOTICE OF PENDENCY AND SETTLEMENT OF CLASS
ACTIONS

EXHIBIT 2

TO:   **ALL COMMON STOCKHOLDERS OF EQUAL ENERGY LTD. ("EQUAL" OR THE "COMPANY") AT ANY TIME FROM DECEMBER 9, 2013, THROUGH AND INCLUDING JULY 31, 2014**

YOU ARE HEREBY NOTIFIED, pursuant to the _____ __, 2014 Preliminary Approval and Scheduling Order entered in the above-captioned action, that a Stipulation and Agreement of Compromise, Settlement, and Release dated November 14, 2014 (the "Stipulation" or "Settlement")[1] has been entered to resolve all claims against Defendants in connection with the proposed merger of Equal and Petroflow Canada Acquisition Corp. and Petroflow Energy Corporation (collectively, "Petroflow") announced on December 9, 2013 (the "Plan of Arrangement"), and pending in the United States District Court for the Western District of Oklahoma (the "Federal Action") and the District Court of Oklahoma County for the State of Oklahoma (the "State Action"). The Federal Action and the State Action are referred to herein as the "Actions."

The Actions alleged among other things, that the members of the Equal Board of Directors breached their fiduciary duties owed to Equal shareholders in connection with the Plan of Arrangement, and that Petroflow aided and abetted such breaches. Defendants deny these allegations. In connection with the Settlement of the Actions, Defendants agreed to provide in Equal's Definitive Proxy Statement, filed with the U.S. Securities and Exchange Commission on June 11, 2014, additional disclosures concerning the Plan of Arrangement.

On _____, 2015, at _____ _.m., a hearing (the "Settlement Hearing") will be held before Judge Robin J. Cauthron of the United States District Court for the Western

---

[1]   Except as otherwise defined herein, all capitalized terms shall have the same meanings as set forth in the Stipulation.

District of Oklahoma, 200 NW 4th Street, Oklahoma City, Oklahoma 73102, to determine:

(1) whether the terms of the Settlement should be approved as fair, reasonable, and adequate;

(2) whether Plaintiffs' Counsel should be awarded $650,000 in fees and expenses, to be paid

by Equal and/or its successor(s); and (3) whether the Federal Action should be dismissed

with prejudice pursuant to entry of Judgment by the Court.

**PLEASE READ THIS SUMMARY NOTICE CAREFULLY AND IN ITS ENTIRETY.  IF YOU WERE AN EQUAL SHAREHOLDER AT ANY TIME BETWEEN DECEMBER 9, 2013 AND JULY 31, 2014, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE ACTIONS.**

This is a summary notice only.  If you have not received a detailed Notice of

Pendency and Settlement of Class Actions (the "Notice"), you may obtain a copy by writing

to the Notice Administrator:  [TO BE ADDED].

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS PUBLICATION NOTICE.**

If you have any questions about matters in this Publication Notice you may contact

Robbins Geller in writing at 655 West Broadway, Suite 1900, San Diego, CA 92101 or by

telephone at 800/449-4900.

If you were an Equal shareholder between December 9, 2013 and July 31, 2014, you

will be bound by the Order and Final Judgment of the Court granting final approval to the

Settlement, and shall be deemed to have waived the right to object (including the right to

appeal) and forever shall be barred, in this proceeding or in any other proceeding, from

raising such objection.  Any objections to the Settlement must be filed on or before

_____, 2015, in accordance with the procedures set forth in the Notice.


DATED: _____          BY ORDER OF THE COURT
                                UNITED STATES DISTRICT COURT
                                WESTERN DISTRICT OF OKLAHOMA