UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANDREW COOKE, ON BEHALF OF THE ANDREW R. COOKE 1998 TRUST, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Master Docket No. 5:14-cv-00087-C (Consolidated with Nos. 5:14-cv-00047-C; 5:14-cv-00058-C; and 5:14-cv-00114-C) |
| | ) | CLASS ACTION |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| EQUAL ENERGY LTD., et al., | ) ) | |
| Defendants. | ) ) | |

STIPULATION AND AGREEMENT OF COMPROMISE, SETTLEMENT, AND RELEASE

The parties to the consolidated federal class action captioned *Andrew Cooke, on Behalf of the Andrew R. Cooke 1998 Trust, Individually and on Behalf of All Others Similarly Situated v. Equal Energy, Ltd., et al.*, No. CIV-14-0087-C (the "Federal Action"), currently pending in the United States District Court for the Western District of Oklahoma (the "Court"), by and through their respective attorneys, have entered into the following Stipulation and Agreement of Compromise, Settlement, and Release (the "Stipulation" or "Settlement") and hereby submit this Stipulation for approval by the Court.  Given the parallel consolidated state class action captioned *In re Equal Energy Ltd. Shareholder Litigation*, No. CJ-2013-6873, currently pending before the District Court of Oklahoma County for the State of Oklahoma (the "State Court") (the "State Action," together with the Federal Action referred to as the "Actions"), the parties to the State Action have reviewed and signed this Stipulation as well.

**WHEREAS:**

A.     On December 9, 2013, Equal Energy Ltd. ("Equal") announced that it had entered into a definitive agreement with Petroflow Canada Acquisition Corp. ("Petroflow Canada") and Petroflow Energy Corporation (collectively, "Petroflow") under which Petroflow would acquire all outstanding shares of Equal stock ("Plan of Arrangement").  The share price specified was $5.43.

B.     On December 12, 2013, Andrew Cooke ("Cooke") filed a putative class action lawsuit in the State Court alleging, among other things, that the Equal Board of Directors (the "Board") had breached its fiduciary duties in connection with its consideration of the proposed Plan of Arrangement; that Equal and Petroflow had aided and abetted those

- 1 -

breaches of fiduciary duties; and that all defendants had violated Section 154 of the Alberta Business Corporations Act ("ABCA").

C.      On December 16, 2013, Kenneth and Aldona Olsen ("Olsen") filed a similar putative class action lawsuit in the State Court alleging, among other things, that the Equal Board had breached its fiduciary duties in connection with its consideration of the proposed Plan of Arrangement; and that Equal and Petroflow had aided and abetted those breaches of fiduciary duties.

D.      On December 19, 2013, John Solak ("Solak") filed a similar putative class action lawsuit in the State Court alleging, among other things, that the Equal Board had breached its fiduciary duties in connection with its consideration of the proposed Plan of Arrangement; that Equal and Petroflow had aided and abetted those breaches of fiduciary duties; and that all defendants named therein had violated Section 154 of the ABCA.

E.      On December 27, 2013, Abraham Grinberger ("Grinberger") filed a similar putative class action lawsuit in the State Court alleging, among other things, that the Equal Board had breached its fiduciary duties in connection with its consideration of the proposed Plan of Arrangement; and that all defendants named therein had violated Section 242 of the ABCA.

F.      On December 31, 2013, Equal filed a Preliminary Proxy Statement ("Preliminary Proxy") with the U.S. Securities and Exchange Commission ("SEC") regarding the proposed Plan of Arrangement.

G.      On January 9, 2014, Equal and its Board moved to consolidate the actions filed by Cooke, Olsen, Solak and Grinberger. Then, on January 15, 2014, certain of the plaintiffs

- 2 -

moved to consolidate the matters, and appoint the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Interim Lead Counsel.

H.      On January 23, 2014, Solak amended his petition, previously filed on December 19, 2013.  Also on January 23, 2014, Equal and its Board filed a motion to dismiss all of the State Actions.  Subsequently, on January 29, 2014, Petroflow filed a similar motion to dismiss the State Actions.  Equal and its Board filed an amended motion to dismiss on February 3, 2014.

I.      On February 20, 2014, all parties to the State Actions filed an agreed order consolidating the State Actions and appointing Robbins Geller as Interim Lead Counsel.

J.      On January 15, 2014, Johan Van Weelden ("Van Weelden") filed a lawsuit in the Court against Equal, its directors, and Petroflow, alleging, among other things, that all defendants named therein had violated Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as well as the SEC's Rule 14a-9; and that the Equal directors had violated Section 20(a) of the Exchange Act.

K.      On January 16, 2014, Anthony Montemarano ("Montemarano") filed a similar putative class action lawsuit in the Court against Equal, its directors, and Petroflow, alleging, among other things, that the Equal Board had breached its fiduciary duties in connection with its consideration of the proposed Plan of Arrangement; that Equal and Petroflow had aided and abetted those breaches of fiduciary duties; and that all defendants named therein had violated Section 14(a) of the Exchange Act.

L.      On January 29, 2014, Andrew Cooke, on behalf of the Andrew R. Cooke 1998 Trust ("Cooke") filed a similar putative class action lawsuit in the Court against Equal, its

- 3 -

directors, and Petroflow, alleging, among other things, that all defendants named therein had violated Section 14(a) of the Exchange Act, as well as the SEC's Rule 14a-9; and that the Equal directors had violated Section 20(a) of the Exchange Act.

M.     On February 4, 2014, Jonathan Scripture ("Scripture") filed a lawsuit in the Court against Equal, its directors, and Petroflow, alleging, among other things, that all defendants named therein had violated Section 14(a) of the Exchange Act, as well as the SEC's Rule 14a-9; and that the Equal directors had violated Section 20(a) of the Exchange Act.

N.     On March 31, 2014, Equal shareholder Garry Mitinas filed a motion to consolidate the federal cases filed by Van Weelden, Cooke, Montemarano and Scripture. Mr. Mitinas argued that he should also be appointed Lead Plaintiff and the firm of Faruqi & Faruqi, LLP should be appointed Lead Counsel.  The motion was opposed by the Robbins Geller firm, on behalf of Cooke, among others.

O.     On May 8, 2014, this Court ordered that the cases should be consolidated, Cooke should be appointed Lead Plaintiff, and Robbins Geller should be Lead Counsel. Dkt. No. 23.

P.     On May 15, 2014, Equal and its directors moved to dismiss the federal actions. Dkt. Nos. 31-32.  Subsequently, Petroflow filed a similar motion to dismiss.  Dkt. No. 39.

Q.     The motions to dismiss both the State Action and Federal Action were pending at the time the agreement to settle was reached.

R.     Lead Counsel and counsel for Defendants (defined below) have engaged in arm's-length negotiations concerning the terms and conditions of a potential resolution of the

- 4 -

Actions in which Equal would disclose certain additional information to Equal's shareholders, as set forth herein.

S.       On or around June 2, 2014, following negotiations between the parties, counsel for the parties reached an agreement-in-principle for the inclusion of certain additional disclosures in the Schedule 14A Definitive Proxy Statement ("Definitive Proxy") to be filed with the SEC by Equal.

T.       On June 11, 2014, Equal filed the revised Definitive Proxy with the SEC containing, among other things, the additional disclosures agreed to in connection with the Settlement, and as reflected in Exhibit 1 attached hereto.

U.       On or around July 10, 2014, following additional negotiations between the parties, counsel for the parties reached an agreement-in-principle providing for the settlement of the Actions on certain terms and conditions, and entered into a Memorandum of Understanding ("MOU") setting forth the material terms of the Settlement.

V.       Following execution of the MOU and pursuant to the agreement of the parties, counsel for Plaintiffs have conducted discovery, consisting of a 30(b)(6) deposition, to further confirm the fairness and adequacy of the Settlement.

W.       Plaintiffs' Counsel have reviewed and analyzed the facts and circumstances relating to the claims asserted in the Actions, as known by Plaintiffs and Plaintiffs' Counsel to date, including conducting numerous arm's-length discussions with counsel for the Defendants, and analyzing certain non-public documents produced by the Defendants, documents obtained through public sources, applicable case law, and other authorities. Based on this investigation, Plaintiffs in the Actions do not concede any lack of merits in

- 5 -

their claims but have decided to enter into this Stipulation and settle the Actions based upon the terms and conditions hereinafter set forth, after taking into account, among other things, (1) the substantial benefits to the Settlement Class (as defined below) from the litigation of the Actions and the Settlement; (2) the additional disclosures obtained for Equal shareholders that directly addressed Plaintiffs' allegations and allowed Equal shareholders to make a fully informed decision with respect to their Equal shares; (3) the risks of continued litigation in the Actions; and (4) the conclusion reached by Plaintiffs and Plaintiffs' Counsel that the Settlement upon the terms and provisions set forth herein is fair, reasonable, and adequate to the Settlement Class (as defined below) and will result in a material benefit to them.

X.      Defendants have denied, and continue to deny, any wrongdoing or liability with respect to all claims, events, and transactions complained of in the Actions, or to the Settlement Class, and each Defendant specifically denies that any further additional disclosure was required under any applicable rule, statute, regulation or law, or that the additional information disclosed in Exhibit 1 hereto was required to be disclosed. Defendants further deny that they engaged in any wrongdoing, that they committed any violation of law, that they breached any fiduciary duties or acted in bad faith or otherwise acted in an improper manner, and deny that any failure to act was improper, but state that they have entered into this Settlement in order to: (1) avoid the substantial expense, burden, and risk of continued litigation; (2) dispose of potentially burdensome and protracted litigation; and (3) finally put to rest and terminate the claims asserted in the Actions and dispel any uncertainty that may exist as a result of the pendency of the litigation.

981968_2

Y.      Defendants acknowledge that the pendency and prosecution of the Actions and the negotiations between Lead Counsel and Defendants' counsel, plus the papers filed in the Actions, were the sole factors in the decision to make the additional disclosures set forth in Exhibit 1 attached hereto.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED**, subject to approval by the Court, pursuant to Federal Rule of Civil Procedure 23, for good and valuable consideration, that the Actions shall be dismissed on the merits with prejudice as to all Defendants and against all members of the Settlement Class (as defined below), and all Released Claims (as defined below) shall be completely, fully, finally, and forever compromised, settled, released, discharged, extinguished, and dismissed with prejudice and without costs (except as provided for herein), as to all Released Persons (defined below), upon the following terms and conditions:

## DEFINITIONS

1.      In addition to the terms defined above, the following additional terms shall have the meanings specified below:

1.1      "Defendants" means the Equal Defendants and Petroflow.

1.2      "Effective Date" means the date that the Federal Court Order and Final Judgment, as defined below, become final and no longer subject to further appeal or review by lapse of time or otherwise.

1.3      "Equal Defendants" means Equal, Michael Doyle, Lee Canaan, Michael Coffman, Victor Dusik, Don Klapko, Kyle Travis and Robert Wilkinson.

1.4    "Federal Court Order and Final Judgment" means the order or orders entered by the Court, substantially in the form of Exhibit 5 attached hereto, approving this Settlement and dismissing the Federal Action with prejudice and without costs to any party (except as provided in Paragraph 9 below).

1.5    "Notice" means the Notice of Pendency and Settlement of Class Actions, substantially in the form attached hereto as Exhibit 3.

1.6    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government, or any political subdivision or agency thereof, or any other business or legal entity.

1.7    "Plaintiffs" means Andrew Cooke, on behalf of the Andrew R. Cooke 1998 Trust; Kenneth and Aldona Olsen; John Solak; Abraham Grinberger; Johan Van Weelden; Anthony Montemarano; and Jonathan Scripture.

1.8    "Plaintiffs' Counsel" means any counsel representing any of the Plaintiffs, including, but not limited to, Lead Counsel, Robbins Geller, as defined above.

1.9    "Preliminary Approval and Scheduling Order" means an order in substantially the form attached hereto as Exhibit 2 that: (1) preliminarily approves the Settlement; (2) approves the form and manner of providing notice to the Settlement Class; (3) certifies the Settlement Class for settlement purposes; and (4) schedules a Settlement Hearing for the Court's consideration of the Settlement.

1.10    "Publication Notice" means the Publication Notice of Pendency and Settlement of Class Actions, substantially in the form attached hereto as Exhibit 4.

1.11    "Released Claims" means any and all claims in any way seeking, alleging or including damages or any other relief for any loss of value, failure to disclose, violation of shareholder rights, or any violation of any type of the Securities Exchange Act of 1934, 15 U.S.C. §78a, *et seq.*, its implementing regulations, or the Alberta Business Corporations Act, RSA 200, c B-9, or any other foreign, U.S. federal or state law and any claims that were brought or could have been brought by Plaintiffs in the Actions in their capacity as Equal shareholders (including, but in no way limited to, any claims related directly or indirectly in any manner whatsoever to any claims raised by Plaintiffs' Counsel, or the Settlement Class in any pleading, motion or brief filed in the Actions), and any grievances, controversies, allegations, accusations, demands, judgments, causes of action, actions, suits, whether class, representative, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever as well as all forms of relief, including all remedies, costs, losses, liabilities, damages, debts, expenses, penalties, interest, and attorneys' and other professionals' fees and related disbursements, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, in their capacity as shareholders whether: (a) claiming compensation, money damages, equitable, injunctive, or other type of relief; (b) based on any foreign, federal, state, or municipal statute, law, ordinance, or regulation; (c) based on common law or public policy; or (d) sounding in tort or contract, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including

- 9 -

both known and unknown claims, which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Actions and/or relate to the proposed Plan of Arrangement between Equal and Petroflow. Released Claims shall not include the right of the Plaintiffs or any members of the Settlement Class to enforce the terms of this Stipulation or to exercise dissenter's rights under §191 of the ABCA.

1.12   "Released Persons" means Defendants and any of the Defendants' past or present affiliates, parents, subsidiaries, general partners, limited partnership partners and partnerships; their respective present and former officers and directors, employees, agents, attorneys, legal counsel, advisors, insurers, accountants, trustees, members, managers, financial advisors, commercial banks, lenders, persons who provided opinions relating to the proposed Plan of Arrangement, investment bankers, associates, and representatives, and their respective heirs, executors, personal representatives, estates, administrators, successors and assigns.

1.13   "Releases" means the releases set forth in Paragraph 4 below.

1.14   "Releasing Person" means any person granting a release set forth in Paragraphs 4 and 5 below.

1.15   "Settlement Class" means a non-opt-out class certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23(b)(2) consisting of all holders of Equal common shares between the dates of December 9, 2013 and up to and including the date of closing of the Plan of Arrangement (July 31, 2014), who are alleged to be harmed by Defendants as described in the Actions, including the legal representatives, heirs, successors-

in-interest, transferees and assigns of all such foregoing holders and/or owners, immediate and remote, and excluding the Defendants and any person, trust, corporation or other entity related to or affiliated with any of them and their successors-in-interest.

1.16   "Settlement Hearing" means the hearing or hearings at which the Court will review the fairness, reasonableness, and adequacy of the Settlement, including the appropriateness and amount of an award of attorneys' fees and expenses payable to Plaintiffs' Counsel.

1.17   "State Court Order and Final Judgment" means the order or orders entered by the State Court approving the Stipulation and Proposed Order for dismissal with prejudice of the State Action, which Plaintiffs will file with the State Court, substantially in the form of Exhibit 6 attached hereto, in accordance with Paragraph 6 hereof.

## SETTLEMENT CONSIDERATION

2.   In consideration for the full settlement, dismissal with prejudice, and release of all Released Claims, Equal has made certain supplemental disclosures, contained in Equal's Definitive Proxy (filed with the SEC on June 11, 2014), which addressed issues identified by Plaintiffs and Plaintiffs' Counsel as set forth in the petitions and complaints in the Actions and raised during discussions and correspondence between Plaintiffs' Counsel and counsel for the Defendants.   Defendants acknowledge that the pendency and prosecution of the Actions and the negotiations between Lead Counsel and Defendants' counsel, and the papers filed in the Actions, were the sole factors resulting in the decision to make the supplemental disclosures set forth in Exhibit 1 attached hereto.

- 11 -

## SCOPE OF RELEASES

3.       The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Actions, and any and all related claims as to any settling party to the Actions, or party that could have been named in the Actions.

4.       Upon the Effective Date, Plaintiffs in the Actions and each and every member of the Settlement Class shall and hereby do completely, fully, finally, and forever release, relinquish, settle, and discharge each and all of the Released Persons from any and all of the Released Claims.

5.       Upon the Effective Date, the Released Persons release all claims against Plaintiffs, members of the Settlement Class, and Plaintiffs' Counsel arising out of or relating to the institution, prosecution, and resolution of the Actions.

6.       Upon the Effective Date or within five (5) days therefrom, Plaintiffs in the State Action will file a Stipulation and Proposed Order to dismiss the State Action with prejudice, substantially in the form of Exhibit 6 attached hereto.

## EFFECT OF RELEASES

7.       The releases contemplated by this Stipulation extend to claims that any Releasing Person may not know or suspect to exist at the time of the release, which, if known, might have affected the Releasing Person's decision to enter into this release or whether or how to object to the Court's approval of the Settlement ("Unknown Claims"). The Releasing Persons shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law or foreign law, which may have the effect of limiting the releases

- 12 -

set forth above.  In particular, the Releasing Persons shall be deemed by operation of law to

have relinquished to the fullest extent permitted by law, the provisions, rights, and benefits

of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN
> HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,
> WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

In addition, the Releasing Persons shall be deemed to relinquish, to the extent they are

applicable, and to the fullest extent permitted by law, the provisions, rights, and benefits of

any law of any state or territory of the United States, federal law, or principle of common

law, which is similar, comparable, or equivalent to Section 1542 of the California Civil

Code.  The parties to this Stipulation acknowledge that the foregoing waiver was separately

bargained for and is a material term of the Settlement.

## CLASS CERTIFICATION

8.      For purposes of settlement only, the parties agree that the Federal Action shall

be certified and maintained as a non-opt-out class action, pursuant to Federal Rule of Civil

Procedure 23(b)(2), on behalf of the Settlement Class.  In the event that the Settlement does

not become final for any reason, the class should not be deemed certified and Defendants

reserve the right to oppose certification of any class in any future proceedings.

## SCHEDULING ORDER AND PRELIMINARY APPROVAL

9.      As soon as practicable after the Stipulation has been executed, the parties to the

Federal Action shall jointly submit the Stipulation together with its related documents to the

Court, and shall apply to the Court to enter the Preliminary Approval and Scheduling Order,

981968_2

substantially in the form attached hereto as Exhibit 2.  The parties to the Federal Action shall include as part of this order a form of Notice and Publication Notice, substantially in the forms attached hereto as Exhibits 3 and 4, respectively, as well as the Federal Court Order and Final Judgment and State Court Order and Final Judgment, substantially in the forms attached hereto as Exhibits 5 and 6, respectively.

## NOTICE

10.     Equal or its successor-in-interest shall be responsible (and shall bear the costs) for the reproduction and distribution of the Notice and Publication Notice, significantly similar to the forms attached hereto as Exhibits 3 and 4, respectively, or as otherwise approved by the Court.  Following preliminary approval of the Settlement, and no later than sixty (60) calendar days prior to the Settlement Hearing, Equal or its successor-in-interest shall cause the Notice to be distributed, by United States mail, to all Equal shareholders as of the June 8, 2014 record date.  In addition, following the preliminary approval of the Settlement, and no later than sixty (60) calendar days prior to the Settlement Hearing, Equal or its successor-in-interest shall secure the publication of the Publication Notice, substantially similar to the form attached hereto as Exhibit 4, for two days in the national edition of *USA Today*.  At least thirty (30) calendar days prior to the Settlement Hearing, counsel for Equal or its successor-in-interest shall file with the Court an appropriate affidavit with respect to the Notice and Publication Notice.

## INJUNCTIONS

11.     Pursuant to the Preliminary Approval and Scheduling Order and pending final approval of the Settlement, members of the Settlement Class are barred and enjoined from

asserting, commencing, prosecuting, assisting, instigating, continuing, or in any way participating in the commencement or prosecution of any action that asserts any Released Claim against any Released Person.  Notwithstanding the foregoing, such proceedings to carry out the terms and conditions of the Settlement are not included.

12.    The parties agree to use their reasonable best efforts to prevent, stay, or seek dismissal of, or oppose entry of any interim or final relief in favor of any member of the Settlement Class in any other litigation against any Released Person that challenges the Settlement or otherwise involves any Released Claims.

## DISMISSAL OF ACTIONS WITH PREJUDICE

13.    If the Court enters the Preliminary Approval and Scheduling Order, substantially in the form attached hereto as Exhibit 2, the parties shall proceed to conduct the final Settlement Hearing as ordered by the Court.  At the final Settlement Hearing, Lead Counsel will request that the Court: (i) consider any properly filed objections to the proposed Settlement; (ii) determine whether the Settlement set forth in this Stipulation, including the payment of attorneys' fees and expenses to Plaintiffs' Counsel, is fair, reasonable and adequate and entered in good faith and without collusion and should be finally approved; and (iii) if the Settlement is approved, dismiss the Federal Action on the merits, with prejudice in the Federal Court Order and Final Judgment, substantially in the form of Exhibit 5, a copy of which is attached hereto.

14.    Not later than five (5) days after the Effective Date, the parties shall jointly and promptly request that the State Court enter the State Court Order and Final Judgment, substantially in the form of Exhibit 6 attached hereto.

## CONDITIONS OF SETTLEMENT

15.     The Effective Date of this Settlement (including the Releases given pursuant to the terms of this Stipulation) shall be conditioned, unless otherwise agreed by the parties pursuant to Paragraph 40 herein, on: (1) the Court's certification of the Settlement Class; (2) the Court's entry of the Federal Court Order and Final Judgment; and (3) the Federal Court Order and Final Judgment becoming final and no longer subject to further appeal or review by lapse of time or otherwise.

16.     All Defendants shall have the waivable right to withdraw from the Settlement in the event that any Released Claim is commenced or prosecuted against any of the Defendants in any court before final approval of the Settlement, and (following a motion by Defendants) any such claim is not dismissed with prejudice or stayed in contemplation of dismissal with prejudice.

17.     If the Effective Date does not occur or the Settlement is terminated pursuant to the terms of this Stipulation, this Stipulation shall not be deemed to prejudice in any way the respective positions of the parties with respect to any further litigation proceedings.

18.     Notwithstanding anything in this Stipulation to the contrary, the effectiveness of the release of the Released Claims and the other obligations of the parties under the Settlement (except with respect to the payment of attorneys' fees and expenses) shall not be conditioned upon or subject to the resolution of any appeal from the Court's entry of the Federal Court Order and Final Judgment, or the State Court's entry of the State Court Order and Final Judgment, if such appeal relates solely to the issue of Lead Counsel's application for an award of attorneys' fees and/or the payment of expenses.

- 16 -

19.     The existence of this Stipulation and its contents and any negotiations, statements, or proceedings in connection therewith, shall not be construed or deemed evidence of, a presumption, concession, or admission by any Released Person or any other person of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Actions or otherwise, or that Plaintiffs or Plaintiffs' Counsel, the Settlement Class, or any present or former shareholders of Equal, or any other person, has suffered any damage attributable in any manner to any Released Person.  Nor shall the existence of this Stipulation and its contents or any negotiations, statements, or proceedings in connection therewith be construed as a presumption, concession, or admission by Plaintiffs, any member of the Settlement Class, or Plaintiffs' Counsel of any infirmity of the Released Claims.  The existence of this Stipulation, its contents, or any negotiations, statements, or proceedings in connection therewith, shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked, or otherwise used by any person for any purpose in the Actions or otherwise, except as may be necessary to enforce or obtain Court or State Court approval of the Settlement.  This provision shall remain in force in the event that the Settlement is terminated.  Notwithstanding the foregoing, any of the Released Persons upon the Effective Date may file this Stipulation or any judgment or order of the Court or State Court related hereto in any other action that may be brought against them, in order to support any and all defenses or counterclaims based on *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

- 17 -

## ATTORNEYS' FEES

20.     Lead Counsel intends to petition the Court for an award of attorneys' fees and expenses, including costs, disbursements, and expert and consultant fees. Defendants in the Actions agree not to object to a requested fee and expense amount of no more than $650,000.00. Defendants shall cause to be paid the attorneys' fees and expenses awarded by the Court to Robbins Geller in the awarded amount, which shall be paid by Defendants within ten (10) business days of the Court's entry of the Federal Court Order and Final Judgment, subject to Plaintiffs' Counsel's obligations to make appropriate refunds or repayments to Defendants if, as a result of any appeal and/or further proceedings or remand, or successful collateral attack, the fee award is reduced or reversed.

21.     Resolution of the petition for an award of attorneys' fees and expenses shall not be a precondition to this Settlement or to the dismissal with prejudice of the Actions. Any failure of the Court to approve a request for attorneys' fees in whole or in part shall have no impact on the effectiveness of the Settlement set forth in this Stipulation. The Court may consider and rule upon the fairness, reasonableness, and adequacy of the Settlement independently of any award of attorneys' fees and expenses. Any dispute regarding the allocation or division of any fees and expenses among counsel for the Plaintiffs shall have no effect on this Stipulation or the Settlement.

## BEST EFFORTS

22.     The parties and their respective counsel agree to cooperate fully with one another in seeking the Court's approval of this Stipulation and the Settlement and to use their

best efforts to effect the consummation of this Stipulation and the Settlement (including, but not limited to, using their best efforts to resolve any objections raised to the Settlement).

23.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

24.    If any claims that are or would be subject to the release and dismissal contemplated by the Settlement are asserted against any of the Released Persons in any court prior to final Court or State Court approval of the Settlement, Plaintiffs and their counsel shall join, if requested by any Defendant, in any motion to dismiss or stay such proceedings and otherwise shall use their reasonable best efforts to cooperate with Defendants to effect a withdrawal or dismissal of the claims.

## STIPULATION NOT AN ADMISSION

25.    The provisions contained in this Stipulation and all negotiations, statements, and proceedings in connection therewith are not, will not be argued to be, and will not be deemed to be a presumption, a concession, or an admission by any party of any fault, liability, or wrongdoing as to any fact or claim alleged or asserted in the Actions, or any other actions or proceedings and will not be interpreted, construed, deemed, invoked, offered, or received in evidence, or otherwise used by any party or person in this or any other actions or proceedings, whether civil, criminal, or administrative, except in a proceeding to enforce the terms or conditions of this Stipulation.

## NO WAIVER

26.    Any failure by any party to insist upon the strict performance by any other party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the

981968_2

provisions hereof, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by such other party.

27.     No waiver, express or implied, by any party of any breach or default in the performance by the other party of its obligations under this Stipulation shall be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

## AUTHORITY

28.     This Stipulation will be executed by counsel to the parties to the Actions, each of whom represents and warrants that he or she has been duly authorized and empowered to execute this Stipulation on behalf of such party, and that it shall be binding on such party in accordance with its terms.

## SUCCESSORS AND ASSIGNS

29.     This Stipulation is and shall be binding upon, and inure to the benefit of, the parties and their respective agents, executors, administrators, heirs, successors, and assigns, including, without limitation, any corporation or other entity with which any party hereto may merge or otherwise consolidate.

## GOVERNING LAW AND FORUM

30.     This Stipulation and the Settlement shall be governed by, and construed in accordance with, the laws of the State of Oklahoma, without regard to conflict of laws principles.  Any dispute arising out of this Stipulation or Settlement shall be filed and litigated exclusively in the United States District Court for the Western District of

Oklahoma. Each party hereto (1) consents to personal jurisdiction in any such action (but in no other action) brought in the Court; (2) consents to service of process by registered mail (with a copy to be delivered at the time of such mailing to counsel for each party by facsimile or electronic mail) upon such party and/or such party's agent; (3) waives any objection to venue in the Court as an inconvenient forum; and (4) waives any right to demand a jury trial as to any such action.

## WARRANTY

31.     Lead Counsel represents and warrants that none of Plaintiffs' claims in the Actions has been or will be assigned, encumbered, or in any manner transferred in whole or in part.

32.     Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into the Stipulation.

33.     Each party represents and warrants that the party has made such investigation of the facts pertaining to the Settlement provided for in this Stipulation, and all of the matters pertaining thereto, as the party deems necessary and advisable.

## ENTIRE AGREEMENT

34.     This Stipulation and the attached exhibits constitute the entire agreement among the parties with respect to the subject matter hereof, and supersede all prior or contemporaneous oral or written agreements, understandings, or representations. All of the exhibits hereto are incorporated herein by reference as if set forth herein verbatim, and the terms of all exhibits are expressly made part of this Stipulation. This Stipulation replaces the MOU, which shall be of no further force or effect upon execution of this Stipulation.

- 21 -

## INTERPRETATION

35. Each term of this Stipulation is contractual and not merely a recital.

36. This Stipulation will be deemed to have been mutually prepared by the parties and will not be construed against any of them by reason of authorship.

37. Section and/or paragraph titles have been inserted for convenience only and will not be used in determining the terms of this Stipulation.

38. The terms and provisions of this Stipulation are intended solely for the benefit of the Released Persons, the Settlement Class, and their respective successors and permitted assigns, and it is not the intention of the parties to confer third-party beneficiary rights or remedies upon any other person or entity.

## AMENDMENTS

39. This Stipulation may not be amended, changed, waived, discharged, or terminated (except as explicitly provided herein), in whole or in part, unless agreed to in writing by the parties to this Stipulation.

## COUNTERPARTS

40. This Stipulation may be executed in any number of actual, telecopied, or electronically mailed counterparts and by each of the different parties on several counterparts, each of which when so executed and delivered will be an original. This Stipulation will become effective when the actual or telecopied counterparts have been signed by each of the parties and delivered to the other parties. The executed signature page(s) from each actual, telecopied, or electronically mailed counterpart may be joined together and attached and will constitute one and the same instrument.

981968_2

IN WITNESS WHEREOF, the parties have caused this Stipulation, dated November 14, 2014, to be executed by their duly authorized attorneys.

DERRYBERRY & NAIFEH, LLP
DARREN B. DERRYBERRY
(OBA No. 14542)
4800 North Lincoln Boulevard
Oklahoma City, OK 73105
Telephone: 405/708-6784
405/528-6462 (fax)
dderryberry@derryberrylaw.com

Liaison Counsel for Plaintiffs

ROBBINS GELLER RUDMAN
   & DOWD LLP
RANDALL J. BARON
ELLEN GUSIKOFF STEWART
A. RICK ATWOOD, JR.
DAVID T. WISSBROECKER
EDWARD M. GERGOSIAN

_____
ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
randyb@rgrdlaw.com
elleng@rgrdlaw.com
ricka@rgrdlaw.com
dwissbroecker@rgrdlaw.com
egergosian@rgrdlaw.com

Interim Lead Counsel for Plaintiffs

DORSEY & WHITNEY LLP
JAMES E. HOWARD

_____
JAMES E. HOWARD

701 5th Avenue, Suite 6100
Seattle, WA  98104-7043
Telephone:  206/903-8800
206/903-8820 (fax)
howard.james@dorsey.com

HALL ESTILL HARDWICK GABLE
  GOLDEN & NELSON PC
MICHAEL SMITH
100 N. Broadway, Suite 2900
Oklahoma City, OK  73102
Telephone:  405/553-2828
405/553-2855 (fax)

Attorneys for Equal Energy Ltd. and its Board

KIRKLAND & ELLIS LLP
ROBERT J. KOPECKY

_____
ROBERT J. KOPECKY

300 North LaSalle
Chicago, IL  60654
Telephone:  312/862-2000
312/862-2200 (fax)
robert.kopecky@kirkland.com

Attorneys for Petroflow Energy Corporation
and Petroflow Canada Acquisition Corp.

981968_2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 14, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 14, 2014.

<u>s/ Ellen Gusikoff Stewart</u>
ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  elleng@rgrdlaw.com

# Mailing Information for a Case 5:14-cv-00087-C Cooke et al v. Equal Energy Ltd et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jessica M Andrade**
  andrade.jessica@dorsey.com,summers.shawn@dorsey.com,griffith.michelle@dorsey.com

- **Jodi C Cole**
  jodi.cole@mcafeetaft.com,valary.gwinn@mcafeetaft.com,annette.strother@mcafeetaft.com

- **Darren B Derryberry**
  dderryberry@derryberrylaw.com,kreynolds@derryberrylaw.com

- **Ellen Anne Gusikoff Stewart**
  elleng@rgrdlaw.com,jstark@rgrdlaw.com

- **James E Howard**
  howard.james@dorsey.com,summers.shawn@dorsey.com,griffith.michelle@dorsey.com,funk.samantha@dorsey.com

- **Robert J Kopecky**
  rkopecky@kirkland.com

- **Michael D McClintock**
  michael.mcclintock@mcafeetaft.com,keeli.gardner@mcafeetaft.com

- **Jack C Moore**
  jack.moore@andrewshartman.com,adminmail@andrewshartman.com

- **Danielle S Myers**
  dmyers@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Michael E Smith**
  mesmith@hallestill.com,crisi@hallestill.com,athacker@hallestill.com

- **David T Wissbroecker**
  dwissbroecker@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)