UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW COOKE, ON BEHALF OF THE ANDREW R. COOKE 1998 TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br>  vs.<br>EQUAL ENERGY LTD., et al.,<br>                Defendants. | Master Docket No. 5:14-cv-00087-C<br>(Consolidated with Nos. 5:14-cv-00047-C; 5:14-cv-00058-C; and 5:14-cv-00114-C)<br><br><u>CLASS ACTION</u> |

FEDERAL COURT ORDER AND FINAL JUDGMENT

1016539_1

A Settlement Hearing having been held before this Court (the "Court") on April 7, 2015, pursuant to the Court's Order entered on December 15, 2014 (the "Preliminary Approval and Scheduling Order") and the Order entered on December 30, 2014 (the "Order to Continue Settlement Hearing"), upon a Stipulation and Agreement of Compromise, Settlement, and Release, dated November 14, 2014 (the "Stipulation" or "Settlement"), in the consolidated class action captioned *Andrew Cooke, on Behalf of the Andrew R. Cooke 1998 Trust, Individually and on Behalf of All Others Similarly Situated v. Equal Energy Ltd., et al.*, No. CIV-14-0087-C (the "Federal Action"), which was joined and consented to by all parties to the Federal Action, which Preliminary Approval and Scheduling Order and Stipulation are incorporated herein by reference; it appearing that due notice of said hearing was given in accordance with the Preliminary Approval and Scheduling Order and that said notice was adequate and sufficient; and the parties having appeared by their attorneys of record; and the attorneys for the respective parties having been heard in support of the Settlement of the Federal Action; and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, this 7th day of April, 2015 as follows:

1. Unless otherwise defined herein, all defined terms shall have the meanings as set forth in the Stipulation.

2. The Notice of Pendency and Settlement of Class Actions (the "Notice") has been mailed to the Settlement Class (as defined herein), and the Publication Notice of

- 1 -

Pendency and Settlement of Class Actions (the "Publication Notice") has been published, pursuant to and in the manner directed by the Preliminary Approval and Scheduling Order; proof of the mailing of the Notice and publication of the Publication Notice was filed with the Court; and full opportunity to be heard has been offered to all parties, the Settlement Class, and persons in interest. The form and manner of the Notice and Publication Notice are hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23, due process, and applicable law, and it is further determined that all members of the Settlement Class are bound by this Federal Court Order and Final Judgment.

3. Based on the record in the Federal Action, each of the provisions of Federal Rule of Civil Procedure 23(a) has been satisfied, and the Federal Action has been properly maintained according to the provisions of Federal Rule of Civil Procedure 23(b)(2). Specifically, this Court finds that (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs as representative plaintiffs are typical of the claims of the Settlement Class; (d) the Plaintiffs and their counsel have fairly and adequately protected and represented the interests of the Settlement Class; and (e) there were allegations that Defendants acted or refused to act on grounds generally applicable to the Settlement Class.

4. The Federal Action is hereby finally certified as a non-opt-out class action, pursuant to Federal Rule of Civil Procedure 23(b)(2), on behalf of a class consisting of all

holders of Equal common shares between the dates of December 9, 2013, and up to and including the date of closing of the Plan of Arrangement (July 31, 2014), who are alleged to be harmed by Defendants as described in the Federal Action and the parallel consolidated state class action captioned *In re Equal Energy Ltd. Shareholder Litigation*, No. CJ-2013-6873, currently pending before the District Court of Oklahoma County for the State of Oklahoma (the "State Action," together with the Federal Action referred to as the "Actions"), including the legal representatives, heirs, successors-in-interest, transferees and assigns of all such foregoing holders and/or owners, immediate and remote, and excluding the Defendants and any person, trust, corporation or other entity related to or affiliated with any of them and their successors-in-interest (the "Settlement Class").

5.   The Settlement is found to be fair, reasonable, and adequate to the Settlement Class, and is hereby approved pursuant to Federal Rule of Civil Procedure 23. The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Federal Court Order and Final Judgment in the Federal Action.

6.   This Court has jurisdiction over the subject matter of the Federal Action, including all matters necessary to effectuate the Settlement and this Federal Court Order and Final Judgment and over all parties to the Federal Action.

7.   The Federal Action and the claims asserted therein are hereby dismissed on the merits with prejudice as to all Defendants in the Federal Action and against all

members of the Settlement Class on the merits and, except as provided in the Stipulation, without fees or costs (except as provided below in paragraph 13).

8. Any and all claims in any way seeking, alleging or including damages or any other relief for any loss of value, failure to disclose, violation of shareholder rights, or any violation of any type of the Securities Exchange Act of 1934, 15 U.S.C. §78a, *et seq.*, its implementing regulations, or the Alberta Business Corporations Act, RSA 200, c B-9, or any other foreign, U.S. federal or state law and any claims that were brought or could have been brought by Plaintiffs in the Actions in their capacity as Equal shareholders (including, but in no way limited to, any claims related directly or indirectly in any manner whatsoever to any claims raised by Plaintiffs' Counsel, or the Settlement Class in any pleading, motion or brief filed in the Actions), and any grievances, controversies, allegations, accusations, demands, judgments, causes of action, actions, suits, whether class, representative, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever as well as all forms of relief, including all remedies, costs, losses, liabilities, damages, debts, expenses, penalties, interest, and attorneys' and other professionals' fees and related disbursements, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or unasserted, in their capacity as shareholders whether: (a) claiming compensation, money damages, equitable, injunctive, or other type of relief; (b) based on any foreign, federal, state, or municipal statute, law, ordinance, or regulation; (c) based on common law or public policy; or (d) sounding in tort or contract, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in

nature, including both known and unknown claims, which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Actions and/or relate to the proposed Plan of Arrangement between Equal and Petroflow, shall be individually and collectively, completely fully, finally, and forever released, relinquished, and discharged; ***provided, however***, that the Released Claims shall not be construed to limit the right of the Defendants, Plaintiffs, or any member of the Settlement Class to enforce the terms of the Stipulation or the right of any Settlement Class member to exercise dissenter's rights under §191 of the ABCA.

9. The releases extend to claims that the parties granting the releases (the "Releasing Persons") may not know or suspect to exist at the time of the release, which, if known, might have affected the Releasing Persons' decision to enter into this release or whether or how to object to the Court's approval of the Settlement. The Releasing Persons, including each member of the Settlement Class, shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law or foreign law, which may have the effect of limiting the release set forth above. In particular, the Releasing Persons, including each member of the Settlement Class, shall be deemed to have relinquished to the fullest extent permitted by law the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE

>    MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

In addition, the Releasing Persons, including each member of the Settlement Class, shall be deemed to relinquish, to the extent they are applicable, and to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, federal law, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.  The Releasing Persons are deemed to have settled and released fully, finally, and forever any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.  The parties to the Stipulation acknowledged that the foregoing waiver was separately bargained for and is a material term of the Settlement.

10. Plaintiffs, Plaintiffs' Counsel, and all members of the Settlement Class are barred and enjoined from asserting, commencing, prosecuting, assisting, instigating, continuing, or in any way participating in the commencement or prosecution of any action that asserts any Released Claim against any Released Person.

11. The Released Persons hereby fully, and forever release, settle and discharge Plaintiffs, Settlement Class members and Plaintiffs' Counsel from any and all claims arising out of or relating to their filing, prosecution and settlement of the Actions; provided, however, that this release does not include Defendants' rights to enforce the Settlement.

12.     Neither the Stipulation, the Settlement, this Federal Court Order and Final Judgment, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be construed or deemed evidence of, a presumption, concession, or admission by any Released Person or any other person of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Federal Action or otherwise; (b) is or may be construed as a presumption, concession or admission by any Released Person that Plaintiffs or Plaintiffs' Counsel, the Settlement Class, or any present or former stockholders of Equal, or any other person, has suffered any damage attributable in any manner to any Released Person; (c) is or may be construed as a presumption, concession, or admission by Plaintiffs, any member of the Settlement Class, or Plaintiffs' Counsel of any infirmity of the Released Claims; or (d) shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked, or otherwise used by any person for any purpose in the Actions or otherwise, except as may be necessary to enforce or obtain Court approval of the Settlement.  This provision shall remain in force in the event that the Settlement is terminated.  Notwithstanding the foregoing, any of the Released Persons upon the Effective Date may file the Stipulation or any judgment or order of the Court related hereto in any other action that may be brought against them, in order to support any and all defenses or counterclaims based on *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

13. Plaintiffs' Counsel are hereby awarded attorneys' fees and expenses in the amount of $650,000.00, which sum the Court finds to be fair, reasonable, and in accordance with applicable law, and which shall be paid to Lead Counsel in accordance with the terms of the Stipulation.

14. The effectiveness of this Federal Court Order and Final Judgment and the obligations of Plaintiffs, Plaintiffs' Counsel, the Settlement Class, and the Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal that relates solely to the issue of Plaintiffs' Counsel's application for an award of attorneys' fees and expenses.

15. The Court further orders, adjudges, and decrees that all other relief be, and is hereby, denied, and that this Federal Court Order and Final Judgment disposes of all the claims and all the parties in the above-styled and numbered action, as well as companion state actions consolidated in the District Court of Oklahoma County for the State of Oklahoma as *In re Equal Energy Ltd. Shareholder Litigation*, Lead Case No. CJ-2013-6873.

16. Without affecting the finality of this Federal Court Order and Final Judgment in any way, this Court retains continuing jurisdiction over implementation of the Settlement and all Parties for the purpose of construing, enforcing, and administering the Settlement.

DATED this 8th day of April, 2015.

_____
ROBIN J. CAUTHRON
United States District Judge

1016539_1